```
UNITED STATES DISTRICT COURT            NOT FOR PRINT OR
EASTERN DISTRICT OF NEW YORK            ELECTRONIC PUBLICATION
-------------------------------x
CLAUDETTE PEARSON,

                Plaintiff,
                                        MEMORANDUM AND ORDER
        -against-
                                        12-CV-00007 (KAM)
HUD.GOV.COM

                Defendant.

-------------------------------x
```

**MATSUMOTO, United States District Judge:**

Plaintiff Claudette Pearson, appearing *pro se*, filed this action against "Respondent HUD.gov.com" on January 3, 2012 and paid the requisite $350 filing fee to commence this action. For the reasons set forth below, the action is hereby dismissed.

## BACKGROUND

The first page of the hand-written complaint alleges as follows:

> Air is 50% [a]ir quality, [a]nd is commodity[.] Air, is a commodity, said by myself and its also help grocery rediscovery its abits [sic]. For instantance [sic] cattle, and [p]roduce, wheat, which is dry grocery[.] Farming is [i]mportant too, [i]ndustry is [i]mportant. Farming is due 50% [a]ir quality for growth.

(*See* ECF No. 1, Complaint ("Compl.") at 1.)[1] The second page, which is labeled "Affidavit," states that "[t]his is for your

---

[1] Because the pages of plaintiff's complaint are not numbered,

white 5 feet tall weight 200lb [a]nd work with environment HUD.gov.com," provides a physical description of plaintiff as "5 [feet] 3 [inches] tall, [a]nd [b]rown eyes ID short hair," and describes a "John White Senior" on whom plaintiff allegedly served this complaint. (*Id.* at 2.) The third page is labeled "R.J.I," includes addresses for plaintiff and defendant, bears a check mark next to a box labeled "Air Environment," and contains unchecked boxes labeled "Toxic," "capacity," and "Iron." (*Id.* at 3.) The fourth page appears to be a notarized photocopy of a chart listing, among other things, the latitude, longitude, temperature, and precipitation of certain islands, the names of which are only partially included on the photocopy. (*Id.* at 4.) Finally, the fifth and last page is a photocopy of a document containing the headings "USING THE LAND [AND] SEA" and "TRANSPORTATION & INDUSTRY," which provides information regarding certain provinces of Canada. (*Id.* at 5.)

On October 14, 2011, Plaintiff previously filed a nearly identical complaint in *Pearson v. HUD.GOV.com*, 11-CV-5053 (KAM), which also asserted that "air is a commodity" and demanded a $5 billion settlement. That case was dismissed as frivolous on October 31, 2011. *See Pearson v. HUD.GOV.com*, No. 11-CV-05053, slip. op. at 4-5 (E.D.N.Y. Oct. 31, 2011).

**DISCUSSION**

A "district court has the inherent authority to dismiss an action as frivolous, regardless of whether the plaintiff has been granted leave to proceed *in forma pauperis*." *Storm-Eggink v. Gottfried*, 409 Fed. Appx. 426, 427 (2d Cir. 2011) (citing *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) ("[D]istrict courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee.")); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action . . . is (i) frivolous or malicious [or] (ii) fails to state a claim on which relief may be granted.").

"An action is 'frivolous' when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and quotation marks omitted); *see also Storm-Eggink*, 409 Fed. Appx. at 427 ("An action is frivolous 'where it lacks an arguable basis either in law or in fact.'" (citation omitted)). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or

3

the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Moreover, Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to provide "(1) a short and plain statement of the grounds for the court's jurisdiction," "(2) a short and plain statement of the claim showing that the pleader is entitled to relief"; and "(3) a demand for the relief sought." Fed. R. Civ. P. 8(a). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct 1937, 1949 (2009) (citation omitted); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level . . . ." (citation omitted)).

The court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and quotation marks omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

This complaint, however, fails to provide any basis for the court's jurisdiction or state a claim upon which relief can be granted. Indeed, the complaint does not even make any demand for relief. Rather, it only contains what can be liberally construed as allegations related to the physical element of "air" – for example, "air is a commodity" – and other random matters that are unrelated to any claims or any relief sought. The "affidavit" and photocopied pages included as part of the complaint do not cure any of these serious defects. The court finds that the complaint's repeated allegation that "air is a commodity" brings it to "the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33. Accordingly, the court finds that the complaint appears to be the product of delusion or fantasy and lacks an arguable basis either in law or in fact, and thus the action is dismissed as frivolous.

In addition, the court has considered affording plaintiff an opportunity to amend the complaint. Because the deficiencies in the complaint could not be cured by amendment, however, the court concludes that it would be futile to grant leave to amend. *See O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 69 (2d Cir. 2002) ("[A] district court may deny leave to amend the complaint if the amendment would be futile." (citation omitted)); *Cuoco*, 222 F.3d at 112 (affirming dismissal of *pro se* complaint for failure to state a claim without leave to replead

because "better pleading will not cure [the basis for dismissal]. Repleading would thus be futile. Such a futile request to replead should be denied." (citation omitted)).

## **CONCLUSION**

For the reasons set forth above, the complaint is dismissed as frivolous. The court has considered giving plaintiff leave to amend her complaint but declines to do so in light of its futility.

The Clerk is respectfully requested to serve a copy of this Memorandum and Order on plaintiff and note service on the docket, enter judgment in favor of defendant, dismiss this action and close this case.

**SO ORDERED.**

                                                  /s/
                                      KIYO A. MATSUMOTO
                                      United States District Judge

Dated: Brooklyn, New York
       January 26, 2012